IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GREGG G. MOWEN, his spouse CAROL A. MOWEN, both personally and for their four minor sons, GORDON L. MOWEN, II, THOMAS J. MOWEN, STEVEN S. MOWEN, and NICHOLAS C. MOWEN, the conjugal partnership between GREGG G. MOWEN and CAROL A. MOWEN, and GORDON L. MOWEN and his spouse, IVALU MOWEN

Plaintiffs

vs                                                                                                  CIVIL 05-2066CCC

MIGDALIA RODRIGUEZ and JOHN DOE ACOSTA, both personally and for their minor son, CHRISTIAN ACOSTA, the CONJUGAL PROPERTY PARTNERSHIP BETWEEN MIGDALIA RODRIGUEZ and JOHN DOE ACOSTA, ROBERTO MARTINEZ, personally and as a member of the COMMUNITY PROPERTY PARTNERSHIP BETWEEN MIGDALIA RODRIGUEZ and ROBERTO MARTINEZ, ROBERT ROE, and XYZ INSURANCE COMPANY

Defendants

## ORDER

The complaint in this action arises from an incident among students at the Domestic Dependant Elementary and Secondary Schools, Fort Buchanan, Puerto Rico. Plaintiff Gregg G. Mowen, the Assistant Superintendent of the school system at all relevant times, is also a counterclaim defendant with respect to counterclaimant Midgalia Rodriguez' common law tort causes of action.  Before the court is the United States of America's Notice of Substitution of Parties and Motion to Dismiss Counterclaim filed on October 24, 2006 **(Docket entry 20)**, which remains unopposed.

The allegations of the counterclaim relevant to the disposition of the dismissal motion are the following:

5. Gregg G. Mowen while abusing from his position as Assistant Superintendent of Antilles High School, verbally assaulted minor Christian Acosta in the presence of other faculty, students and officials from the school.

6. Gregg G. Mowen used fouled language while verbally attacking Christian Acosta in front of other students, faculty and officials. Gregg Mowen further yelled in the presence of other students, faculty and officials that he would "make sure that [Christian] is expelled and will make sure he ruins his life".

7. Mr. Gregg Mowen further expressed in the presence of Mr. Felix Trinidad and David Sanabria that he "was the superintendent and everybody does what I say" and that he never "wanted to see [Christian's] face again", "he messed with the wrong person's son", "I want to expel him".

8. Plaintiff Gregg Mowen acted negligently and breached the duty of care owed to Defendant's son Christian Acosta. (Counterclaim at ¶¶5-11)

The Federal Tort Claims Act (FTCA), 28 U.S.C.§ 2679(b) and (d) as amended, provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the alleged common law torts of federal employees while acting within the scope of their office or federal employment, United States v. Smith, 499 U.S. 1621,163 (1991). The counterclaim and its requested damages falls squarely within this provision. The United States District Attorney for the District of Puerto Rico, Rosa Emilia Rodriguez Velez, has certified that Mowen was acting within the scope of his federal employment with the U.S. Defense Education Activity, an agency of the United States government.

Accordingly, that portion of the motion requesting the substitution of Gregg G. Mowen is GRANTED.  The United States is substituted for Gregg G. Mowen as counterclaim defendant.

It is well establish that the United States, pursuant to it sovereign immunity, has placed  limitations on its consent to be sued in tort cases such as this counterclaim. The counterclaimant must first satisfy jurisdiction prerequisites prior to filing an FTCA lawsuit against the United States – that is, Rodriguez must have filed an administrative tort claim with the appropriate federal agency within the time limit specified by law.  See, 28 U.S.C.

3

§ 2671-2680; and §2401(b). If the claim is not presented before commencing the suit, the suit must be dismissed. <u>McNeill v. United States</u> 508 U.S. 106, 112 (1993). Such a failure deprives the district court of jurisdiction over tort claims against the government. <u>Richman v. United States</u>, 709 F.2d 122, 124 (1st Cir. 1983). Rodriguez has neither alleged in her counterclaim compliance with the administrative requisite, nor opposed the dismissal of her claim with evidence of compliance. Therefore, the government's motion to dismiss the counterclaim against Gregg G. Mowen is GRANTED.  The counterclaim against Carol A. Mowen, however, remains.

  For the above stated reasons, the United States is substituted for Gregg G. Mowen as counterclaim defendant, and the counter claim as to the United States is DISMISSED.

  SO ORDERED.

  At San Juan, Puerto Rico, on June 13, 2007.

              S/CARMEN CONSUELO CEREZO
                United States District Judge